UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| v. | ) | No. | 3:05-CR-36 |
| | ) | | (VARLAN/GUYTON) |
| REGINALD L. HALL, ADVANCED | ) | | |
| INTEGRATED MANAGEMENT | ) | | |
| SERVICES, INC. ("AIMSI"), and | ) | | |
| DAVID F. REEDER, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on Defendant Reginald L. Hall's Objections to Magistrate Judges Report and Recommendation to Deny Motions to Dismiss [Doc. 80].[1] On March 8, 2006, United States Magistrate Judge H. Bruce Guyton filed a Report and Recommendation ("R&R") [Doc. 78] in which he recommended that the following motions filed by the defendants be dismissed: Motion to Dismiss Counts 1-15 of the Indictment for Failure to State an Offense – No "Scheme to Defraud" the Government is Alleged [Doc. 26]; Motion to Dismiss Counts 1 and 16-26 of the Indictment Because the Money at Issue Was Not Money or Property of the United States [Doc. 28]; and Motion to Dismiss the Money Laundering Charges in Indictment, Counts 1 and 27-39 [Doc. 30].

---

[1] Although the objections were filed by defendant Hall, defendants AIMSI and Reeder moved and were granted leave to join in those objections [*see* Doc. 93]. Accordingly, the Court will consider the objections as presented by all defendants.

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which the defendants have objected. In doing so, the Court has carefully considered the underlying briefs [Docs. 27, 29, 32, 36, 38, 42, 43, 45, 49, 50, 51, 71, 72], and the parties' briefs regarding the pending objections [Docs. 80, 89, 90, 95, 98]. The Court has also reviewed the transcripts of the hearings before Judge Guyton on January 5 and 20, 2006 [Docs. 64, 69] and considered the arguments of counsel presented on May 16, 2006. For the reasons that follow, the defendants' objections will be overruled.

I.

Defendants first contend that Judge Guyton's determination that the motion to dismiss the 18 U.S.C. § 641 theft counts should be denied is not supported by case law and is contrary to the undisputed evidence presented at the hearings on the issue. Defendants contend that neither the case law nor the evidence presented before Judge Guyton supports a finding that the government retains control over the use of funds once they are in AIMSI's bank account. Defendants argue that the case law cited in the R&R is distinguishable from the present case because those cases involved evidence that the government maintained some level of control over the use of money once it passed into the hands of a private entity. Relying on the testimony of the government's expert, Alice Peterson, defendants contend that there is no evidence to show the government maintained any possessory interest in funds that were in AIMSI's bank account. Further, defendants argue that Ms. Peterson's testimony establishes that the government does not maintain any control over the use of any money once the money is placed a subcontractor's bank account.

2

In response, the government points out that AIMSI was advanced an ":interim reimbursement" for its indirect costs on the basis of an estimated or "provisional" billing rate. The government contends that all interim reimbursements that were advanced to AIMSI and not used for an allowable indirect cost had to be refunded to the United States by way of the Department of Energy ("DOE") prime contractor, in this case UT-Battelle. The government contends that DOE retained sufficient control over interim reimbursements advanced to AIMSI such that those funds remained government property. The government further contends that the facts are not in dispute as to whether the government retained a sufficient interest in the allegedly stolen funds. The government argues that the record reflects both contractual and regulatory methods of retaining sufficient government control over the funds advanced to AIMSI. Finally, the government requests that the Court clarify that the interim reimbursements advanced to AIMSI were funds of the United States and that the government is entitled to a jury instruction to that effect.

The defendants' reply contends that the progress payments made to AIMSI during the performance of the contract were not advanced funds. The defendants distinguish progress payments for indirect costs, the use of which is not subject to continued regulation, with advanced funds, the use of which is subject to continued regulation. The defendants also reiterate that the use of funds in AIMSI's bank account is not regulated by the government. The parties' post-hearing briefs continue to debate whether the AIMSI received "progress payments" or "advanced" funds.

The parties agree that whether the funds at issue are "money ... of the United States" within the meaning of 18 U.S.C. § 641 is a jurisdictional question. Upon consideration of the record, regardless of the label applied to the payments, the key determination is whether the government has retained sufficient control of those funds such that they remain government property. *United States v. Klingler*, 61 F.3d 1234, 1238 (6th Cir. 1995). As discussed in the R&R, the record reflects that there are indicia of government supervision and control over the funds at issue, such as the requirement that AIMSI adopt an acceptable method of accounting and that its accounts are subject to audit by UT-Battelle and/or the government. Most importantly, AIMSI is required to submit a final indirect cost submission at the conclusion of the contract which could result in funds being repaid to the government. While the Court views this case as a closer question than many of the authorities relied upon by the parties, the Court cannot conclude as a matter of law on the present record that the funds at issue were not "money ... of the United States." Accordingly, this objection is overruled.

Likewise, the Court cannot grant the government's request to declare that the funds at issue are, as a matter of law, "money ... of the United States." The government is essentially asking the Court to rule that it has conclusively established one of the elements of the offense charged and to mandate that the jury so find. Whether the government's proof establishes this element is a determination more appropriately reserved to the jury and the Court declines the invitation to remove this issue from the jury. Accordingly, the

4

Case 3:05-cr-00036  Document 100  Filed 06/19/06  Page 4 of 9  PageID #: 64

government's request for a jury instruction to the effect that the money at issue is money of the United States will be denied.

## II.

Defendants next contend that whether there was a taking from the government on or about the dates alleged in the Indictment should be decided as a matter of law. As noted by defendants, Judge Guyton concluded that the motion to dismiss the indictment because there is no evidence that the transactions alleged resulted in any loss to the government on the dates alleged would require a pretrial test of the government's evidence and that it therefore is not a permissible basis for a Rule 12 motion to dismiss. [Doc. 78 at p. 25.] Defendants contend that they are not challenging the sufficiency of the evidence. Defendants contend that Fed. R. Crim. P. 12(b) and (d) allow this Court to make preliminary findings of fact to decide pretrial questions of law so long as the conclusions do not invade the province of the jury. Defendants suggest that the Court would not invade the province of the jury by deciding as an issue of law that the Indictment does not state an offense. Defendants argue that, even if the allegations were true, there was no taking or corresponding loss from the government on the dates listed in the Indictment.

The government responds that Judge Guyton correctly concluded that this request would improperly require a pretrial test of the government's evidence. The government contends that how it proves its case is within its trial prerogative. Further, the government argues that whether the defendants in fact stole money is a question for the jury.

5

Fed. R. Crim. P. 12(b)(2) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Generally, a defense can be determined before trial if it involves questions of law instead of questions of fact on the merits of criminal liability. *United States v. Driscoll*, 2006 WL 335520, at *1 (E.D. Tenn. Feb. 13, 2006) (citing *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997)). Although a trial court may make preliminary findings of fact necessary to decide questions of law, the trial court may not do so if the conclusions would invade the province of the ultimate fact finder. *Craft*, 105 F.3d at 1126. Thus, a court cannot consider a factual challenge to an indictment purporting to show a defect consisting solely of insufficient evidence to prove a particular charge as such a determination would normally be reserved to the jury at trial. *Driscoll*, 2006 WL 335520, at *1.

Contrary to the defendants' assertion, the motion to dismiss seeks a determination that the government has not proven any harm, that is, that the government had any money taken from it or even spent money on the dates alleged [*see* Doc. 72 at pp. 15-16]. In other words, the defendants seek a determination that the government has insufficient evidence to prove that a loss occurred as alleged. Such a determination is a factual one and one more appropriately reserved to the jury upon presentation of all of the government's evidence. Accordingly, this objection is overruled.

### III.

Defendants' third objection is that the Indictment fails to properly allege a "scheme to defraud" as required to state charges of mail fraud and wire fraud. Defendants contend

6

that Counts 1-15 should be dismissed because there are no allegations that the "scheme to defraud" outlined by the government would deprive the United States of money or property and there are insufficient factual allegations to show that the conduct alleged in the substantive wire and mail fraud counts furthered any scheme to defraud the United States.

In response, the government contends that the R&R accurately states the elements of conspiracy and wire and mail fraud that must be alleged in a valid indictment and then methodically outlines how each element of each offense was properly alleged in the Indictment's wire and mail fraud conspiracy and substantive counts.

The Court has carefully reviewed Counts 1-15 of the Indictment and the R&R on this issue. The Court agrees with Judge Guyton that the Indictment is sufficient to inform the defendants of the conspiracy, mail fraud, and wire fraud charges against them by setting forth specific details of the alleged fraudulent scheme, by identifying the alleged victim and the money being obtained as funds of the United States. These allegations sufficiently inform the defendants of the charges against them, protect them from double jeopardy, and enable their preparation for trial. Therefore, this objection is overruled.

IV.

The defendants' final objection is that the Indictment fails to properly allege money laundering. Defendants contend that the Indictment does not properly allege specified unlawful activity that is separate from the money laundering activity or that the money in question was proceeds of any unlawful activity.

7

In response, the government contends that the R&R accurately states the elements of money laundering and conspiracy to money launder. Further, the government contends the R&R correctly concludes that the Indictment sufficiently alleges each essential element in the money laundering conspiracy and substantive counts. Finally, the government argues that the R&R details how the Indictment alleges that the laundered proceeds were derived from unlawful conduct that preceded and was separate and distinct from the charged money laundering offense conduct.

The Court has carefully reviewed Counts 1 and 27-39 and the R&R on this issue. As noted by Judge Guyton, the Indictment tracks the language of the money laundering statute and lists all of the elements of the offense of money laundering. The Indictment describes numerous transactions which constitute the acts of alleged money laundering. The Indictment also identifies the unlawful activities such as theft, mail fraud, and wire fraud, separate from the money laundering activity, from which the subject proceeds were allegedly derived. Accordingly, the Court agrees that the Indictment sufficiently alleges the offenses of money laundering and conspiracy to commit money laundering. Therefore, this objection is overruled.

V.

For the reasons set forth herein, the Court **ACCEPTS IN WHOLE** the Report and Recommendation of Judge Guyton whereby the defendants' motion to dismiss Counts 1-15 of the Indictment for failure to state an offense [Doc. 26] is **DENIED**; the defendants' motion to dismiss Counts 1 and 16-26 of the Indictment because the money at issue was not

8

money or property of the United States [Doc. 28] is **DENIED**; and the defendants' motion to dismiss the money laundering charges in Indictment, Counts 1 and 27-39 [Doc. 30] is **DENIED**. The defendants' objections [Doc. 80] to the R&R are **OVERRULED**.

IT IS SO ORDERED.

                                                    s/ Thomas A. Varlan
                                                    UNITED STATES DISTRICT JUDGE