UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:05-CR-36 |
| | ) | (VARLAN/GUYTON) |
| REGINALD L. HALL, ADVANCED INTEGRATED MANAGEMENT SERVICES, INC. ("AIMSI"), and DAVID F. REEDER, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This criminal case is before the Court on Defendant Reginald L. Hall's Objections to Magistrate Judges Report and Recommendations to Overrule Objections to Expert Testimony by Alice Peterson [Doc. 125].[1] On November 2, 2006, United States Magistrate Judge H. Bruce Guyton filed a Report and Recommendation [Doc. 124] in which he recommended that the defendants' oral objections to Alice Peterson's ("Peterson") testimony be overruled and the defendants' request for the exclusion of Peterson's testimony be denied.

The defendants argue that Peterson's testimony is inadmissible under Fed. R. Evid. 702 because Peterson's opinion is not based upon reliable principles and methods. The defendants further argue that, even if Peterson's opinion were based upon reliable principles

---

[1]Although the objections were filed by defendant Hall, defendants AIMSI and Reeder moved and were granted leave to join in those objections [*see* Docs. 129, 133]. Accordingly, the Court will consider the objections as presented by all defendants.

and methods, it is still irrelevant and would not assist the trier of fact in determining whether the Government has proven the asportation element of 18 U.S.C. § 641.

The Government contends that Peterson's testimony is based upon reliable principles and methods, is relevant, and would assist the trier of fact in determining whether the Government has proven the asportation element of 18 U.S.C. § 641. The Government further contends that the defendants' objections to Peterson's opinion go more to the weight and credibility of her testimony, not its admissibility.

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which the defendants have objected. In doing so, the Court has carefully considered the underlying briefs [Docs. 119, 120], and the parties' briefs regarding the pending objections [Docs. 125, 128, 130]. The Court has also reviewed the transcript of the hearing before Magistrate Judge Guyton on September 28, 2006 [Doc. 118]. The Court notes that Magistrate Judge Guyton's Report and Recommendation thoroughly, and accurately, analyzes and addresses each of the defendants' objections. The Court is in agreement with Magistrate Judge Guyton's recommendation, which the Court hereby adopts and incorporates into its ruling. Accordingly, the defendants' oral objections to Peterson's testimony are **OVERRULED** and their request for the exclusion of Peterson's testimony is **DENIED**. The Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 124].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE