UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| REGINALD HALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos.: 3:05-cr-36-TAV-HBG |
| ) | 3:12-cv-124-TAV |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Petitioner, Reginald Hall, after a multi-day trial, was convicted by a jury of one count of conspiracy to commit money laundering, one count of theft of government property, and one count of money laundering [Doc. 191].[1] The Court sentenced Petitioner to twenty-one months' imprisonment on each count, to be served concurrently, followed by three years of supervised release [Doc. 208].[2]

Petitioner timely appealed [Doc. 207]. The Court of Appeals for the Sixth Circuit affirmed the judgment [Doc. 238].

Before the Court now is Petitioner's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 250]. Upon receipt of the motion, the Court ordered Petitioner to show cause why the motion should not be dismissed as barred by the applicable statute of limitations [Doc. 251]. Petitioner responded with an affidavit,

---

[1] All citations to the record are found on the docket of Case No. 3:05-cr-36.

[2] Hall was released from prison in November, 2008, and his period of supervised release ended on March 12, 2012 [Docs. 247, 255].

requesting that the Court apply equitable tolling of the statute of limitations [Doc. 252]. The Court then ordered the government to respond to the motion and "specifically address Petitioner's claim that he is entitled to equitable tolling of the statute of limitations" [Doc. 253]. The Government filed a response in opposition, [Doc. 254] and Petitioner filed a reply [Doc. 255].

Section 2255 provides for a one-year statute of limitations for filing. The limitation period runs from the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f). The Sixth Circuit's decision affirming the judgment issued on December 10, 2008. *United States v. Hall*, 549 F.3d 1033 (6th Cir. 2008) (also noting that a petition for rehearing *en banc* was denied on February 19, 2009). No petition for writ of *certiorari* was ever filed.

The one-year period within which Petitioner could have filed a timely § 2255 motion thus expired on March 20, 2010. *See* 28 U.S.C. § 2255(f) (one-year statute of limitations runs from the date a conviction becomes final); *Clay v. United States*, 537 U.S. 522, 532 (2003) (where no petition for a writ of *certiorari* is filed, a conviction becomes final at the expiration of the period for doing so); Sup. Ct. R. 13 (a petition for a writ of *certiotari* must be filed within ninety days after entry of the judgment or the denial of rehearing). Petitioner's § 2255 motion [Doc. 250], which was filed on March 13, 2012, is unquestionably untimely [Doc. 251, Memorandum and Order at 2 (petitioner's § 2255 motion was filed "well beyond the expiration of the statute of

2

limitations")]. The Court instructed Petitioner to explain whether—and, if so, why—his motion should not be deemed to be time barred [*Id.*].

Petitioner alleges that he mailed a *pro se* petition for a writ of *certiorari* to the Supreme Court on May 26, 2009. He then waited almost three years, until April 16, 2012, after having filed the instant § 2255 motion, before contacting the Supreme Court Clerk to check on the status of his *certiorari* petition [Doc. 252 ¶ 4]. Petitioner concedes that the Supreme Court docket does not show that his request was ever received or filed [*Id.* ¶ 5].

The government argues that Petitioner's § 2255 motion should be denied as moot, on the ground that Petitioner is no longer in custody. For additional ground, the government argues that Petitioner's § 2255 motion is untimely and unreviewable.

The government is correct that "courts do not consider the merits of § 2255 motions filed by persons no longer in custody." *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012); *see also United States v. Zack*, No. 98-1526, 1999 WL 96996, at *1 (6th Cir. Feb. 1, 1999) (stating that a petitioner serving a term of supervised release remains "in custody" for purposes of § 2255). Petitioner completed his term of supervised release on March 12, 2012. Petitioner filed his § 2255 motion the following day, when he was no longer "in custody" for purposes of § 2255. Had petitioner filed his § 2255 motion before completing his supervised release, the motion would not have become moot by his subsequent release from supervision. *Hampton v. United States*, 191 F.3d 695, 697 (6th Cir. 1999). Petitioner, however, did complete his entire sentence before he filed his §

3

2255 motion. Accordingly, the government is correct that the plain language of the statute bars relief.

I.     **Equitable Tolling Is Not Applicable**

Equitable tolling is "used sparingly by federal courts," and "[t]ypically. . . applies only when a litigant's failure to meet a legally-mandated deadline unavoidable arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F. 3d 638 648 (6th Cir. 2003). A petitioner bears the burden of establishing that equitable tolling applies to his case. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Court finds that Petitioner has not made such a showing.

To determine whether Petitioner is entitled to equitable tolling, the Court is to consider:

(1)   the petitioner's lack of notice of the filing requirement;

(2)   the petitioner's lack of constructive knowledge of the filing requirement;

(3)   the petitioner's diligence in pursuing his rights;

(4)   absence of prejudice to the respondent; and

(5)   the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim;

*Jurado*, 337 F.3d at 642 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)); *Allen*, 366 F.3d at 401. Not all factors are relevant in every case, nor is the list exhaustive; the Court need not even assess the possibility of prejudice to the United States if the other factors are not present. *Allen*, 366 F.3d at 401–02.

Petitioner's affidavit concedes the untimeliness of his *certiorari* petition to the Supreme Court. It was not reasonable for him to assume that such a petition was still pending before the Supreme Court. It also was unreasonable for Petitioner to wait almost three years before contacting the Supreme Court to check on the status of his *certiorari* petition. Petitioner has not exercised appropriate diligence in pursing his petition for a writ of *certiorari* or his right to file a § 2255 motion, and equitable tolling is thus unwarranted.

## II.    Petitioner's claims are unreviewable or undeveloped

Petitioner's § 2255 motion contains seven enumerated claims, six involving alleged errors of law and one alleging ineffective assistance of counsel. Other than Petitioner's allegation of ineffective assistance, his remaining six claims are procedurally defaulted because he could have raised them on direct appeal. A petitioner who procedurally defaults a claim and raises it for the first time on collateral review must show either that (1) he had good cause for not raising it earlier and would suffer "actual prejudice" if it were not reviewed, and (2) he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). In his affidavit, Petitioner asserted that he could prove his "actual innocence" and that counsel was ineffective for failing to do so during trial [Doc. 252 ¶¶ 7, 12]. This claim, however, is based on Petitioner's belief that certain funds did not belong to the government. The jury necessarily found the opposite, and on appeal, the Sixth Circuit

5

held that the United States had "adequately established both that the funds were government property and that a theft was committed." *Hall* 549 F.3d at 1035.

Petitioner's § 2255 motion cannot be used to relitigate issues decided on appeal, absent exceptional circumstances such as an intervening change of the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *DuPunt v. United States*, 76 F.3d 108, 110–11 (6th Cir. 1996). Petitioner has not shown any exceptional circumstances and there has been no intervening change in the law that would render the evidence legally insufficient for his convictions. On collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). Petitioner has not done so here.

As for the ineffectiveness claim in Petitioner's § 2255 motion, Petitioner must set forth adequate facts which entitle him to relief. *See O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (stating that "[c]onclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing," much less relief); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (explaining that if "claims are stated in the form of conclusions without any allegations of facts in support thereof," a § 2255 motion is "legally insufficient to sustain review").

Petitioner's ineffective assistance claim consists of a single sentence. It lacks any factual or legal support. The Court finds that Petitioner has the burden to establish that

6

he is entitled to relief. *Bevil v. United States*, No. 2:06-CR-52, 2010 WL 3239276, at *3 (E.D. Tenn. Aug. 16, 2010) (recognizing that "burden of proving ineffective assistance of counsel is on the petitioner"); *see also Douglas v. United States*, No. 2:05-CR-07, 2009 WL 2043882, at *3 (E.D. Tenn. July 2, 2009) (stating that "when a defendant files a § 2255 motion, he must set forth facts which entitle him to relief").

The Court cannot evaluate a claim that consists of little more than a single conclusory sentence. The claim must be rejected because it has not been adequately developed, and therefore, is not reviewable.

The Court finds that because all of the claims presented in the motion [Doc. 250] are time barred and lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. Accordingly, a judgment will enter **DENYING** the motion [Doc. 250].

**IT IS SO ORDERED**.

ENTER:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE